MR. JUSTICE SHEEHY,
dissenting:
If we accept in full the findings of fact made by the District Court, particularly including those relating to battery, the conclusions and order derived therefrom do not make sense. Granting the father full visitation custody of the boy for six weeks during the summer, and on every alternate major holiday, belies the findings that the child would suffer battery himself, or have an improper role model.
It would make more sense, and be cheaper for the parties, if the father were granted custody of the child during the winter months when he was not working and the mother is working, and conversely, that the mother be given complete custody during the summer months when she is not working and the father is working. The reversal of their times of custody to their employment can only complicate the lives of the boy and his parents. This arrangement could have been worked out while still maintaining custody in the mother. It is certainly far better for the interests of the child that he spend as much time as possible with his parents, and not with babysitters or in daycare. Therefore I dissent.
MR. JUSTICE HUNT concurs in the foregoing dissent.